IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTIAN ABRAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-2590-M-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Christian Abram, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

Petitioner was charged with capital murder by a Dallas County grand jury. Petitioner was found guilty at trial and was sentenced to an automatic term of life imprisonment. The conviction was affirmed on direct appeal. *See Abram v. State*, No. 11-02-00368-CR, 2004 WL 42549 (Tex. App. – Eastland, Jan. 8, 2004, no pet.). Petitioner filed an application for state post-conviction relief that was denied without written order. *See Ex parte Abram*, WR-79,433-01 (Tex. Crim. App. May 8, 2013).

Petitioner then filed this action in federal district court, claiming that he received ineffective assistance of counsel. Respondent filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death

Penalty Act's statute of limitations. *See* Dkt. No. 15. Petitioner filed a reply brief, *see* Dkt. No. 16, and this case is ripe for consideration.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

## Analysis

Petitioner was found guilty of capital murder and was sentenced to life imprisonment on September 19, 2002. His direct appeal was denied on January 8, 2004. *See Abram v. State*, No. 11-02-00368-CR, 2004 WL 42549 (Tex. App.– Eastland, Jan. 8, 2004, no pet.). He did not file a petition for discretionary review. Therefore, the judgment became final on February 9, 2004 – 30 days after the state appeals court rendered its judgment. *See* TEX. R. APP. P. 68.2(a).[1]

Petitioner did not file an application for state post-conviction relief until he placed his state habeas petition in the prison mail system on or about February 25, 2013. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The writ was denied on May 8, 2013. The limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending because it was

---

[1] The 30th day after judgment was entered fell on Saturday, February 7, 2004. As a result, Petitioner was permitted to file a notice of appeal by the following Monday, February 9, 2004. *See* TEX. R. APP. P. 4.1(a).

filed more than one year after his conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his federal application on or about June 27, 2013, over nine years after his conviction became final.

In his habeas application, memorandum of law, and reply brief, Petitioner appears to urge that his untimely habeas petition should be excused due to the Supreme Court's recent rulings in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which should be applied retroactively. *See* Dkt. No. 4 at 7-8; Dkt. No. 16 at 2. That is, Petitioner appears to claim that he was not informed of a favorable plea offer or that he received faulty advice that compelled him to reject a favorable plea deal. *Frye* held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye,* 132 S. Ct. at 1408. *Lafler* extended Sixth Amendment protections to a petitioner prejudiced by defense counsel's faulty advice to reject a favorable plea agreement. *Lafler*, 132 S. Ct. at 1385.

However, the Fifth Circuit has explained that *Lafler* "and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context." *In re King,* 697 F.3d 1189, 1189 (5th Cir. 2012) (considering whether *Lafler* and *Frye* permitted a successive habeas petition); *accord Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013) ("We have previously held, and now reiterate, that *Frye* did not announce a new rule of constitutional law because it 'merely applied the Sixth Amendment right to counsel to a specific factual context.' *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012). Therefore, we may consider *Frye* when

determining whether the state habeas court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law.' § 2254(d)(1)."). Therefore, Petitioner's untimely filing of his application is not excused by *Lafler* or *Frye*. *See Anthony v. Stephens*, No. 2:13-cv-45-J, 2013 WL 3486916, at *3 (N.D. Tex. July 11, 2013) ("Because neither *Lafler* nor *Frye* announced a newly recognized constitutional right, neither case qualifies under 28 U.S.C. § 2244(d)(1)(C) to act as the starting point for the one-year federal habeas corpus limitations period"), *app dism'd*, No. 13-10803 (5th Cir. Sept. 27, 2013).

Other than his reliance on *Lafler* and *Frye*, Petitioner fails to explain why he did not file the instant petition within one year of the day on which the state court judgment became final. Without proof of actual innocence or a basis for equitable tolling, Petitioner's untimely Section 2254 application must be dismissed.

### Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE